ALD-186                                                    NOT PRECEENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4609
_____

PEDRO A. OLIVIER-DIAZ,

Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1-13-cv-06615)
District Judge:  Honorable Renée M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 27, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: April 8, 2014)
_____

OPINION
_____

PER CURIAM

        Pedro Olivier-Diaz, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the District of New Jersey dismissing his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241.  We will affirm.

1

Olivier-Diaz was convicted by a jury in the United States District Court for the District of Maine of drug offenses and was sentenced to 365 months in prison. His sentence was affirmed on direct appeal. United States v. Olivier-Diaz, 13 F.3d 1, 2 (1st Cir. 1993). He states that he filed a motion to vacate pursuant to 28 U.S.C. § 2255 that was denied in 1996. In 2013, Olivier-Diaz filed the § 2241 petition that is at issue here. He claims that his sentence is illegal under Alleyne v. United States, 133 S. Ct. 2151 (2013), because a judge, rather than a jury, found (1) the quantity of drugs used to determine the base level of the offense, and (2) the facts underpinning enhancements for being a leader of a criminal activity and receipt of firearms. The District Court dismissed the petition for lack of jurisdiction, concluding that the claim could be raised only, if at all, in a § 2255 motion. Olivier-Diaz then filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

We agree with the District Court that Olivier Diaz' § 2241petition was not viable. He explicitly challenged his sentence, and "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant § 2241 if a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a

2

full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This exception applies only in rare circumstances.

In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted. Olivier-Diaz cannot avail himself of this exception. First, the conduct underlying his conviction is still a crime. Furthermore, his reliance on Alleyne to support his petition is misplaced. Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Alleyne, the Supreme Court held that the same rule also applies to "facts that increase mandatory minimum sentences." 133 S. Ct. at 2163. We have held that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument." Okereke, 307 F.3d at 121. There is no basis to treat claims brought under Alleyne differently. Accordingly, we will summarily affirm the District Court's order dismissing Olivier-Diaz' § 2241 petition. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.